IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**VIRGIL TALLEY,**
       **Plaintiff,**

vs.                                                    Case No: 3:08cv278/RV/MD

**UNITED STATES OF AMERICA, INC., et al.,**
       **Defendants.**
_____

## REPORT AND RECOMMENDATION

       Plaintiff, proceeding *pro se* and *in forma pauperis* (doc. 6), has paid the initial partial filing fee (doc. 9), and this cause is before the court upon his complaint titled "Notice of Verified Complaint in the Admiralty" (doc. 1). Upon review of the complaint, the court concludes that this action should be dismissed.

       Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution in Miami, Florida. His complaint names the following defendants: United States of America, Inc., United States Attorney Gregory R. Miller ("USA Miller"), and Assistant United States Attorney Benjamin W. Beard ("AUSA Beard"). Plaintiff states this action "is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts." (Doc. 1, p. 1). His allegations are premised on the theory that there is a distinction between himself and the "property" VIRGIL TALLEY© which is an "artificial entity created by the State." (*Id.*, p. 9 ¶ 19). Plaintiff alleges that he has a secured interest in VIRGIL TALLEY©, and that he is a "Secured Party, Holder-In-Due-Course of the copyrighted property VIRGIL TALLEY© ALL RIGHTS RESERVED." (*Id.*). Plaintiff purports to have registered his secured interest in VIRGIL TALLEY© with the Florida Secured Transactions Registry. (*Id.*). He complains that notwithstanding his secured interest

in this "property," defendants obtained a judgment of conviction against VIRGIL TALLEY© in this court (*United States v. Talley*, Case Number 3:96cr65/LAC), resulting in a term of imprisonment of 295 months. Plaintiff contends that in 2004, recognizing that he had a "superior claim" in VIRGIL TALLEY©, he sent documents to AUSA Beard in an attempt to "request[ ] closure and settlement of the case/account wherein the Detainer on 'VIRGIL TALLEY' could be removed thus freeing the corpus of the natural person Virgil Talley from confinement." (*Id.*, p. 11 ¶ 35). After Beard did not respond, plaintiff initiated a habeas corpus proceeding (Case Number 5:05cv170/LAC/MD). Plaintiff now brings this suit "In Admiralty" to "verify" his interest in VIRGIL TALLEY© and obtain the release of said "property." (*Id.*, p. 12 ¶ 39). As grounds for release, plaintiff asserts: (1) that AUSA Beard failed to register his "personal claim" against VIRGIL TALLEY©, thereby committing a fraud against plaintiff; (2) that representatives of defendant United States of America, Inc. failed to state a claim upon which relief can be granted when they failed to submit copies of certain documents (an "Oath of Office Contract/Operational Performance/Public Hazard Bond) on the record; and (3) that the United States of America is a corporation and, therefore, a "fictitious plaintiff" which did not have standing to bring criminal charges against him. (*Id.*, p. 14- 15 ¶¶ 44-47). As relief, plaintiff seeks release from confinement and expungement of his criminal records. (*Id.*, pp. 17-18).

      The court takes judicial notice of its own records in *United States v. Virgil Talley*, Case Number 3:96cr65. In that case, plaintiff was convicted upon jury verdict of conspiracy to possess cocaine and cocaine base with the intent to distribute, 21 U.S.C. §§ 841(a),(b)(1)(A)(ii)(iii) and 846 ("Count One"); possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a),(b)(1)(A)(iii) ("Count Two"); and using or carrying a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c) ("Count Five"). (*See United States v. Talley*, Case No. 3:96cr65/LAC/MD, docs. 292, 294). On February 26, 1999 the district court sentenced plaintiff to terms of

imprisonment of 235 months under each of Counts One and Two, with the terms to be served concurrently; a term of imprisonment of 60 months under Count Five, to be served consecutively to the terms under Counts One and Two; a fine; a term of supervised release; and a special monetary assessment.  (*Id.*, doc. 307; *see also* doc. 314, Transcript of Sentencing).  Plaintiff appealed, challenging the sufficiency of the evidence, error in calculating the quantity of drugs attributable to him, and error in refusing to award a sentence reduction.  In an unpublished decision, issued as mandate April 6, 2000, the Eleventh Circuit affirmed plaintiff's convictions and sentences.  *United States v. Talley*, Case No. 99-2455 (11th Cir. March 2, 2000).

       Thereafter, plaintiff filed a motion to vacate pursuant to 28 U.S.C. § 2255, in which he asserted three claims: (1) that the district court lacked jurisdiction because his prosecution in federal court "violated the Tenth Amendment. . . ."; (2) that he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) that his trial and appellate counsel failed to investigate adequately whether jurisdiction for federal prosecution lay and failed to raise the *Apprendi* issue, thus denying him effective assistance of counsel.  (*See* Case No. 3:96cr65, doc. 418).  In a "motion to amend," plaintiff also complained that the court erred in instructing the jury and that counsel's failure to object competently constituted ineffective assistance.  (*Id.*, doc. 416).  The district court denied the motions on May 17, 2002.  (*Id.*, docs. 489 & 490).  Plaintiff's motion for a certificate of appealability was denied.  *Talley v. United States*, Case No. 02-13872 (11th Cir. Sept. 11, 2002) (copy at Case No. 3:96cr65, doc. 514).

       Plaintiff filed various other motions in his criminal case, including a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).  (*Id.*, doc. 517).  The district court denied relief.  (*Id.*, doc. 520).  Plaintiff's motion for certificate of appealability was denied.  *Talley v. United States*, Case No. 03-10776 (11th Cir. May 12, 2004) (copy at Case No. 3:96cr65, doc. 546).

In 2005, plaintiff filed in this court a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the validity of his convictions and sentences.  (*See Talley v. Barron*, Case No. 5:05cv170/LAC/MD, docs. 1, 5).  The district court dismissed the petition with prejudice because plaintiff had not demonstrated entitlement to proceed under § 2241 and, treated as a § 2255 motion the petition was an unauthorized second or successive motion.  (*Id.*, docs. 7, 10).

Given plaintiff's unsuccessful attempts to obtain release through habeas corpus (28 U.S.C. §§ 2241 and 2255), he now brings suit "In Admiralty" applying extreme artistic license to the law of contracts, secured transactions and admiralty.  Plaintiff's legal theories, although creative, are patently frivolous.  Not only do his fanciful assertions regarding his legal status and that of the defendants lack an arguable basis in the law, his legal contentions offered in support of release have virtually no support in existing law.  Moreover, despite plaintiff labeling this suit as one arising in admiralty, neither his factual assertions nor his legal claims remotely relate to that subject.  *See* BLACK'S LAW DICTIONARY 969 (6th ed. 1990) (defining Maritime Law as "[t]hat system of law which particularly relates to marine commerce and navigation, to business transacted at sea or relating to navigation, to ships and shipping, to seamen, to the transportation of persons and property by sea, and to marine affairs generally."); *Id.*, at 47 (stating that the terms "admiralty" and "maritime" law are "virtually synonymous.").

Even if not frivolous, the allegations of plaintiff's complaint do not state a claim to relief that is plausible on its face.  Plaintiff's claims challenge the validity of his convictions and seek release.  Such claims are in the nature of habeas corpus and are not cognizable in an admiralty action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); *cf. Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995) (holding that declaratory or injunctive relief claims

which are in the nature of habeas corpus claims – i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release – are not cognizable in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)); *Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir. 1986) (citing *Preiser* as support for dismissal of civil rights action challenging validity of plaintiff's federal conviction and requesting that conviction be declared constitutionally invalid; "Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction.").

Accordingly, it is respectfully RECOMMENDED:

That this action be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(b), and the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of August, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**